IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| FRANCISCO DIAZ, | |
|---|---|
| Plaintiff, | 4:18CV3042 |
| vs. | ORDER |
| JARED M. KELM, both individually and as an agent of Union Tank Car Company; and UNION TANK CAR COMPANY, a company authorized to do business in the State of Nebraska; | |
| Defendants. | |

This matter is before the Court on Defendant Jared Kelm's ("Kelm") Motion to Strike ([Filing No. 11](#)), as well as Defendant Union Tank Car Company's ("Union Tank") Motion to Strike and Notice of Joinder in Kelm's Motion to Strike ([Filing No. 13](#).) For the reasons explained below, the motions will be granted, in part.

## DISCUSSION

Plaintiff's Complaint alleges negligence arising out of a motor vehicle accident. ([Filing No. 1](#).) The Complaint contains the following allegations:

> 9. That, at the time of the collision, Defendant Jared M. Kelm was impaired according to the laws of the State of Nebraska, specifically Neb. Rev. Stat. § 60-6,196, by operating a motor vehicle with a blood alcohol concentration of over .08 of one gram by weight of alcohol per two hundred ten liters of his breath.
>
> 10. That on June 19, 2014, the Defendant Jared M. Kelm pled guilty to operating the motor vehicle owned by Defendant Union Tank Car Company with a blood alcohol concentration of over .08 of one gram by weight of alcohol per two hundred ten liters of his breath at the time of the collision with the Plaintiff's vehicle. The Defendant's plea of guilty resulted in Jared M. Kelm being convicted of a violation of Neb. Rev. Stat. § 60-6,196.

(*[Id](#)*.)

Defendants request that the Court strike Paragraphs 9 and 10 of the Complaint pursuant to Federal Rule of Civil Procedure 12(f). Rule 12(f) provides a mechanism for the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court possesses liberal discretion when ruling on motions to strike under Rule 12(f). *BJC Health Systems v. Columbia Casualty Co*, 478 F.3d 908, 917 (8th Cir. 2007). "However, courts view motions to strike with disfavor because striking is an extreme measure and the motion may only serve to delay proceedings." *Super 8 Worldwide, Inc. v. Riro, Inc.*, No. 8:11CV319, 2011 WL 5827801, *2 (D. Neb. Nov. 18, 2011). "[E]ven matters that are not strictly relevant to the principal claim at issue should not necessarily be stricken, if they provide important context and background to claims asserted or are relevant to some object of the pleader's suit." *Holt v. Quality Egg, L.L.C.*, 777 F. Supp.2d 1160, 1168 (N.D. Iowa 2011) (internal quotation omitted). Generally, "[t]o prevail on a motion to strike text from the complaint, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the movant." *Super 8 Worldwide*, 2011 WL 5827801 at *2 (quotation and citation omitted).

Defendants argue that the above-referenced paragraphs should be stricken because they cite and refer to Kelm's conviction under Neb. Rev. Stat. § 60-6,196 of the Nebraska Rules of the Road, which makes it unlawful for any person to operate a motor vehicle while under the influence of alcohol. Neb. Rev. Stat. § 60-6,196. A violation of this statute constitutes a Class W misdemeanor under Nebraska law. Neb. Rev. Stat. § 60-6,197.03.

Nebraska Revised Statute § 60-693 provides: "No evidence of the conviction of any person for any violation of any provision of the Nebraska Rules of the Road shall be admissible in any court in any civil action." Neb. Rev. Stat. § 60-693. Defendants contend that Plaintiff's references to Kelm's plea and conviction amount to an attack on Kelm's moral character and suggest that because he pled guilty, he must be negligent as alleged in this case.

Plaintiff argues, however, that although Nebraska law limits the admission of evidence of violations of the Nebraska Rules of the Road, it nevertheless allows for the admission of evidence of a driver's intoxication in order to prove negligence. *Fortin v. Hike*, 205 Neb. 344, 287 N.W.2d

681 (1980)). Plaintiff maintains that Paragraphs 9 and 10 describe the level of Kelm's intoxication and form the basis of his ultimate claim of negligence. Plaintiff asserts that these allegations place Defendants on notice that he will be introducing evidence of Kelm's intoxication and Kelm's admission to being intoxicated at the time of the accident.

The Court agrees with Defendants that the Complaint's mention of Kelm's guilty plea and conviction is unduly prejudicial. Therefore, the Court will strike Paragraph 10 of the Complaint and direct Plaintiff to file an amended complaint, which omits any reference to Kelm's plea and conviction. Paragraph 9, which describes the alleged level of Kelm's intoxication, will not be stricken.

Accordingly,

**IT IS ORDERED:**

1. Defendant Jared Kelm's Motion to Strike ([Filing No. 11](Filing No. 11)) and Defendant Union Tank Car Company's Motion to Strike ([Filing No. 13](Filing No. 13)) are granted, in part, as set forth above.

2. Plaintiff shall file an amended complaint in conformity with this Order by July 24, 2018.

Dated this 17th day of July, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge